**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and CATHERINE WENSKUS, Administrator of the Funds. ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) | |
| v. ) | Case No. |
| MEMBER MECHANICAL, INC. ) ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Funds"), and Plaintiff Catherine Wenskus ("Wenskus"), Administrator of the Funds, by their undersigned attorneys, and for their Complaint against Defendant Member Mechanical, Inc., as follows:

### COUNT I

**(Failure To Pay Employee Benefit Contributions)**

1. Jurisdiction is based on Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a); and 28 U.S.C. §1331.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(a) and (b).

3. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). The Funds have offices, conduct business and administer the plans within this District. Wenskus is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General Laborers' District Council of

Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago (the "Union"). With respect to such matters, Wenskus is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

4. Defendant Member Mechanical, Inc. (hereinafter "The Company"), is an Illinois limited liability corporation not in good standing. The Company does business within this District and is an Employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of LMRA, 29 U.S.C. §185(a).

5. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company are parties to a collective bargaining agreement ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company, which Agreement adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

6. The Funds have been duly authorized by the Chicago Laborers' District Council Retiree Health and Welfare Fund ("Retiree Welfare Fund"), the Construction and General Laborers' District Council of Chicago and Vicinity Training Trust Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation & Education Trust ("LECET"), [the Contractors' Association of Will and Grundy Counties (the "Will County Fund"), the Builders' Association of Greater Chicago ("BAC"), the Illinois Road Builders Association ("IRBA"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the Chicago Area Independent Contractors Association ("CAICA"), the Illinois Small Pavers Association ("ISPA"). the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), and the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCMC"), to act as an agent in the collection of

contributions due to those funds.

7. The Agreement and the Funds' respective Agreements and Declarations of Trust, the Retiree Welfare Fund's Agreement and Declaration of Trust, and the Training Fund Agreement and Declaration of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to the Funds remitted on behalf of each covered employee. Pursuant to the terms of the Agreement and Funds' respective Agreements and Declarations of Trust, the Retiree Welfare Fund Agreement and Declaration of Trust, and the Training Fund Agreement and Declaration of Trust, contributions which are not submitted in a timely fashion are assessed liquidated damages plus interest.

8. The Agreement, the Funds' respective Agreements and Declarations of Trust, the Retiree Welfare Fund's Agreement and Declaration of Trust, and the Training Fund Agreement and Declaration of Trust (collectively referred to as "Trust Agreements), obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, retiree health and welfare benefits and for the training fund, and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to the Funds remitted on behalf of each covered employee. Pursuant to the terms of the Trust Agreements contributions which are not submitted in a timely fashion are assessed liquidated damages plus interest.

9. The Agreement further obligates the Company to procure, carry and maintain a surety bond to guarantee payment of wages, Pension and Welfare contributions for the duration of the Agreement.

10. Notwithstanding the obligations imposed by the Agreement, the Company has:

(a) failed to report contributions owed to plaintiff Laborers' Pension Fund from September 2017 to the present, and failed to pay contributions to said Fund from September 2017 to the present, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries; and

(b) failed to report all contributions owed to Plaintiff Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity from September 2017 to the present, and the pay contributions due to said Fund from September 2017 to the present, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries; and

(c) failed to report and pay all contributions owed to Laborers' Training Fund from September 2017 to the present, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries.

(d) failed to maintain a surety bond to guarantee the payment of wages, Pension and Welfare contributions.

(e) failed to pay past due penalties accruing in an amount in excess of $3,000.00.

11. Despite demand duly made, the Company has not paid the required contributions or other sums due.

12. All conditions precedent to requiring contributions and reports to the Funds have been met.

13. The Company's actions in failing to make timely reports and contributions violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

14. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), and the terms of the Funds' Trust Agreements, the Company is liable to the Funds for unpaid contributions and related amounts, as well as interest and liquidated damages on the unpaid contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Member Mechanical, Inc., for the amounts of contributions owed to date together with all accrued delinquencies after suit, interest, liquidated damages, attorneys' fees and costs, directing the Company to obtain and maintain a surety bond to guarantee payment of wages, Pension and Welfare contributions as required by the Agreement, and an order directing Defendant to timely submit reports and upon demand by Plaintiffs submit to an audit, and any other legal and equitable relief as

the Court deems appropriate.

## COUNT II

### (Failure To Pay Union Dues)

15. Plaintiff realleges paragraphs 1 through 9 of Count I.

16. Pursuant to the Agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been deducted from the wages of covered employees.

17. Notwithstanding the obligations imposed by the Agreement, the Company has failed to withhold and/or to report to and forward the union dues deducted or the Union dues that should have been deducted from the wages of employees for the period from September 2017 to the present, thereby depriving the Union of income.

18. Pursuant to the Agreement, the Company is liable to the Fund for the unpaid union dues, as well as reasonable attorneys' fees, as the Union's collection agent, and costs, and such other legal and equitable relief as the Court deems appropriate.

19. The Company's actions have violated and are violating Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendant, Member Mechanical, Inc., for the amount of the union dues owed to date together with all attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

By: /s/Karen I. Engelhardt
Attorneys for Plaintiffs

Karen I. Engelhardt
Sara S. Schumann
Ryan M. Thoma
ALLISON, SLUTSKY & KENNEDY, P.C.
230 W. Monroe Street, Suite 2600
Chicago, Illinois 60606
(312) 364-9400

January 19, 2018